1  CARLO A. DEL CONTE, AV4107

2  California Institute for Men
   P.O. Box 368

3  Chino, CA 91708
   *Plaintiff appearing in Propia Persona*

4

FILED

DEC 15 2015

SUSAN Y. SOONG
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

5              UNITED STATES DISTRICT COURT

6          FOR THE NORTHERN DISTRICT OF CALIFORNIA
                      (San Francisco)

7  CARLO ANTONIO DEL CONTE                    Case No.: 14-CV-5334 WHO

8                       Plaintiff,            FIRST AMENDED COMPLAINT FOR
                                              VIOLATION OF CIVIL AND DISABILITY
9                                             RIGHTS; 42 U.S.C. § 1983, 42 U.S.C. § 12101, *et*
                                              *seq*, 29 U.S.C. § 794
10 v.

11 THE STATE OF CALIFORNIA, EDMUND
   GERALD "JERRY" BROWN JR. IN HIS
12 CAPACITY AS GOVERNOR OF THE STATE
   OF CALIFORNIA; THE CALIFORNIA
13 DEPARTMENT OF CORRECTIONS AND
   REHABILITATION; THE COUNTY OF
14 SANTA CLARA; SANTA CLARA COUNTY
   SHERIFF'S DEPARTMENT; SHERIFF LAURIE
15 SMITH; ELMWOOD CHIEF OF CORRECTION
   JOHN HIROKAWA; ELMWOOD COMPLEX
16 COMMANDER AND CAPTAIN KEVIN P.
   JENSEN; CUSTODY HEALTH DIRECTOR
17 MARYANN BARRY; SAN QUENTIN STATE
   PRISON, RON DAVIS, WARDEN OF SAN
18 QUENTIN STATE PRISON,  and such other
   officials, institutions, agencies or employees as
19 may appear from further discovery,

20                     Defendants.

21

22

23

24

25

26

27

28                           - 1 -

COMPLAINT FOR VIOLATION OF CIVIL AND DISABILITY RIGHTS;
42 U.S.C. SECTION 1983, 42 U.S.C. § 12101, *et seq*, 29 U.S.C. § 794; - Case No. :

1   CARLO ANTONIO DEL CONTE (hereinafter "Plaintiff" or "Mr. Del Conte") alleges against

2   all Defendants named in this complaint, to wit:  The State of California, Edmund Gerald "Jerry"

3   Brown Jr. in his capacity as governor of the State of California; the California Department of

4   Corrections and Rehabilitation; the County of Santa Clara; the Santa Clara County Sheriff's

5   Department; Sheriff Laurie Smith; Elmwood Complex Chief of Correction John Hirokawa;

6   Elmwood Complex Commander and Captain Kevin P. Jensen; Custody Health Director Maryann

7   Barry; San Quentin State Prison, Ron Davis, Warden of San Quentin State Prison, inclusive, and

8   such other officials, institutions, agencies or employees as may appear from further discovery

9   ("Defendants"), as follows:

10                              **NATURE OF THIS ACTION**

11        1.      This is a case about the classification and housing of plaintiff, a gay man with

12   HIV, in protective custody of the Santa Clara County Sheriff's Department Elmwood Correctional

13   Facility, along with gang drop-outs commonly known to have histories of violence and

14   homophobia, in willful disregard of plaintiff's safety as a matter of departmental policy.  This is

15   also a case about the failure to protect gay inmates through the aforesaid classification and housing

16   policy despite the placement in protective custody, the subsequent policy of allowing supervising

17   guards to use cellphones and mobile computing devices during their shifts, the policy of

18   disregarding threats made against gay inmates despite the classification of protective custody, and

19   the willful disregard of plaintiff's health through disregard of his illness recognized by the

20   Americans with Disabilities Act and in disregard of his life and wellbeing

21        2.      All Defendants acted under color of state authority. The County of Santa Clara

22   is the chief body responsible for the deprivation of Mr. Del Conte's rights, but all other named

23   defendants engaged in conduct that violates several laws as well as the federal Constitution.

24        3.      Mr. Del Conte respectfully requests that this Court enjoin Defendants, and each

25   of them, from continuing to engage in their unconstitutional and illegal behavior in housing gay

26   inmates with homophobic and violent former gang members,  from allowing their supervising

27   sheriff's deputies guarding inmates from entertaining themselves on their media devices during

28                                           - 2 -

1    their shifts, from willfully disregarding threats against gay inmates, and providing adequate health

2    care services and medications to persons with terminal illnesses, from conspiring with each other to

3    retaliate against persons asserting their rights by imposing long periods of inhumane and solitary

4    confinement, from depriving inmates of their rightful property for exceedingly long periods of time,

5    and seeks a grant of exemplary damages in an amount sufficient to punish Defendants for their

6    invidious and discriminatory conduct and to set an example of Defendants.

7                        **JURISDICTION AND VENUE**

8         4.    This Court has subject matter and supplemental jurisdiction over the claims and

9    causes of action described herein pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 1343, 28 U.S.C. §

10   1367, 42 U.S.C. § 1983 and 42 U.S.C. § 1985.

11        5.    Venue is proper in the Northern District of California because a substantial part

12   of the events or omissions giving rise to Mr. Del Conte's claims occurred at the Elmwood

13   Correctional Complex and at San Quentin State Prison, which are located therein. 28 U.S.C. §

14   1391(b) (2).

15        6.    Personal jurisdiction over Defendants is proper in this Court because Defendants

16   are either residents of the State of California, an agency thereunder, or a State of the United States

17   within the jurisdiction of this Court.

18                        **THE PARTIES**

19        7.    Plaintiff CARLO ANTONIO DEL CONTE is a natural person who is currently

20   incarcerated in a California institution, and who was a resident of California during all relevant

21   events described. He is a gay man infected with the Human Immunodeficiency Virus ("HIV"), and

22   a disabled individual under ADA. He made the Dean's Honor List for 1999 and 2001 while

23   pursuing a college education at City College of San Francisco and Deanza College - Cupertino, was

24   admitted to California State University East Bay (then Hayward) for Theatre Arts with a minor in

25   Music and had been admitted to Novus Law School to pursue studies toward a J.D. He was

26   employed as an Office Manager, Legal Secretary and Paralegal Trainee for a number of law firms in

27   San Francisco and in Concord, California. He speaks Spanish and Italian fluently, is a gifted tenor

28                                   - 3 -

1  and actor, and was an Irene Ryan Nominee in 2000 and 2001, competing at the American College

2  Theater Festival of the Kennedy Center for the Performing Arts in Washington, DC and was

3  awarded a meritorious achievement in 2002 at the American College Theater Festival aforesaid.  He

4  was a community activist, acting as an advocate for immigrants and other marginalized

5  communities, and as an operatic tenor performed in free concerts to benefit AIDS research through

6  the AIDS/Lifecycle Concert Series under Valdez Hill.  In 2014 while on bail he performed *O*

7  *Magnum Mysterium* at the Annual Dinner and Fundraiser for the Ecumenical Peace Institute at St.

8  John's Presbyterian Church in Berkeley.

9      8. Defendant State of California is the third largest State in the United States of America, with

10  the largest population of any state, and it has the fifth largest population of incarcerated individuals

11  in the country.

12      9.  Defendant Edmund Gerald "Jerry" Brown Jr. is a natural person and is the Governor of the

13  State of California.

14      10.  Defendant County of Santa Clara is a county government entity within the State of

15  California, which is a democratic, constitutional republic and the 31st state in the United States, and

16  is responsible for the policies, procedures, and practices implemented through its various agencies,

17  agents, departments, and employees, and for injury occasioned thereby.

18      11. Defendant Santa Clara County Sheriff's Department (hereinafter "SCS") is an agency

19  operated by the County of Santa Clara and has control over all Santa Clara County correctional

20  institutions and their prisoners.  Upon information and belief, it was and is also the public employer

21  of Defendants Sheriff Laurie Smith, John Hirokawa, Kevin P. Jensen and MaryAnn Barry.

22      12. Defendants Laurie Smith; John Hirokawa, Kevin P. Jensen and MaryAnn Barry are natural

23  persons.  Defendant Laurie Smith served as the Sheriff at SCS, and was at all times relevant hereto

24  the superior of John Hirokawa, who served as the Chief of Corrections for SCS, establishing him at

25  all times relevant hereto the superior to both MaryAnn Barry and Kevin P. Jensen.  MaryAnn Barry

26  served as Custody Health Director and was chiefly responsible for Mr. Del Conte's health care

27  while incarcerated, while Kevin P. Jensen served as Commander and Captain at Elmwood

28                                           - 4 -

1   Correctional Complex at all times relevant to this complaint. Upon information and belief,

2   Defendant Kevin P. Jensen was the jail officer chiefly responsible for Mr. Del Conte's safety while

3   incarcerated at Elmwood Correctional Complex, under the supervision and management of

4   Defendant John Hirokawa. Defendant Laurie Smith, John Hirokawa, Kevin P. Jensen and

5   MaryAnn Barry are sued for damages in their individual capacity and for injunctive relief in their

6   official capacity.

7      13. The California Department of Corrections and Rehabilitation is the agency charged with

8   public safety through the safe and secure incarceration of offenders, including the delivery of health

9   care.

10     14. San Quentin State Prison is a correctional institution in northern California, and is a part of

11  the California Department of Corrections and Rehabilitation.

12     15. Defendant Ron Davis is a natural person and the Warden of San Quentin State Prison.

13     16. All officials, employees, representatives, agents, or contractors for the various defendants

14  herein will be joined hereto as additional defendants and named as soon as their true actions,

15  inactions and identifies are discovered. These defendants are sued for damages in their individual

16  capacity and for injunctive relief in their official capacity (if any).   Such other officials, institutions,

17  agencies or employees as may appear from further discovery will also be fully named as soon as

18  their true actions, inactions and identifies are discovered.

19     17. All Defendants are clothed with the authority of state law and act under color of state law,

20  that is, under color of the Constitution, statutes, laws, rules, regulations, and customs of the various

21  counties involved herein as well as the State of California at all times relevant to this suit.

22                  **ALLEGATIONS COMMON TO ALL COUNTS/CAUSES OF ACTION**

23     18.     On or about June 24, 2014, while Mr. Del Conte was in M4 house at the Elmwood

24  Correctional Complex, where he had been placed in "Protective Custody" because of his

25  homosexuality, he was attacked by another inmate, by the name of Spears, who was also in

26  "Protective Custody" because he was a gang dropout. In addition, this inmate possessed two strikes

27

28                                              - 5 -

1  for previous violent crimes, while Mr. Del Conte had no history of violent or aggravated crimes, nor

2  did he engage in violence, physical fighting, or any other such gang-related act.

3      19.    The attack took place during an hour of morning "program" which is 1 of 2 hours

4  afforded inmates in M4 daily.  This time is to be spent for an inmate to shower (as needed), make

5  phone calls, and watch television or socialize with fellow inmates.  These 2 hours of program are

6  supervised by a deputy who is no more than 15 feet from any inmate in the program common area.

7      20. Mr. Del Conte was watching television along with 12-15 other inmates, two of them being

8  transgendered, when inmate Spears made harsh homophobic slurs which were heard by all inmates

9  in the vicinity of the television, and within earshot of the supervising deputy, whose desk was 15

10  feet away.

11      21.  Mr. Spears in extreme rage screamed and made threats against Mr. Del Conte.

12      22.  *Willful disregard of Mr. Del Conte's physical safety:* The guard assigned to program failed

13  to intervene, even though he was well within earshot of the entire conversation, as were,

14  subsequently, the other inmates seated within the vicinity of the television.  This was a result of

15  streaming video on his cellphone, the customary practice of all guards during program time. This

16  showed a willful disregard on behalf of the guard of the safety of homosexuals, and threats made

17  against same.

18      23. Near the end of the morning program, while en route to his cell, Mr. Del Conte was

19  suddenly pulled into inmate Spear's cell room and struck by inmate Spears in the face, which

20  resulted in multiple injuries and fractures requiring surgery.  Although inmate Spears and Mr. Del

21  Conte were moved to alternate housing areas, and plaintiff was told a charge of violence would be

22  pursued against inmate Spears for his hate crime motivated by homophobia, the matter was

23  disregarded by prison authorities and by the district attorney's office.

24      24. Plaintiff required both medical treatment and surgery which took place on July 11, 2014, to

25  un-cave and reset his cheekbone, and the insertion of metal straps and screws in an incision above

26  his ear, as well as straps and screws inside a 3" incision inside his mouth, causing him permanent

27  injury and pain and suffering.

28

- 6 -

1   25. *Further willful disregard of Mr. Del Conte's physical safety and redress of threats by*

2   *violent inmates:* Defendants were aware that Mr. Del Conte might be attacked again, but on his

3   way to a medical appointment with his HIV doctor at the PACE clinic in Main Jail, on or about July

4   21, 2014, Mr. Del Conte was placed in a small room where they transition inmates in transport to

5   various court departments and areas of the jail, along with 40 or so other inmates, and without any

6   guards being present.  Among those inmates was inmate Spears.

7   26. Being confronted by his attacker caused Mr. Del Conte great psychological distress.

8   27. Soon after this happened, another deputy began making offensive comments to Mr. Del

9   Conte after seeing him talking to other inmates, stating that Mr. Del Conte was making "gestures"

10  which were "offensive" and which he required be stopped immediately or Mr. Del Conte would be

11  punished.   Mr. Del Conte is both a homosexual male and the son of an Italian father and a Cuban

12  mother, who typically uses hand gestures when speaking.

13  24. Following the attack, no change occurred in the policy of allowing widespread use of

14  cellphone browsing and game playing on behalf of the supervising guards, a fact that can be verified

15  by the bulk of the inmate population.   Additionally, even though plaintiff was told that he would be

16  able to press charges against inmate Spears and that a hate crime had been committed against him,

17  no one from the DA's office ever approached Mr. Del Conte on the subject.

18  25. During his incarceration at Elmwood, prior to his release on bail, more than an hour after

19  receiving his medication and as he was sleeping, a classifications officer entered the dormitory and

20  woke up Del Conte and accused him of "tonguing" his medication. Del Conte, fast asleep, became

21  upset at the accusation, because as a person with HIV, he would not give up his medication to

22  another individual.  When he complained, the officer ordered him outside and said he was accusing

23  him of becoming violent and changing his classification to a different level, and he was then moved

24  to the Santa Clara Jail in San Jose, where he was placed in a cell block full of violent offenders.

25  The false accusation and his placement with violent offenders caused him great emotional distress

26  and pain.

27

28                                      - 7 -

1   26. As part of their legal obligation towards the health and well-being of inmates, SCS must

2   provide each inmate with a 30-day supply of any medications they were dispensing to said inmate

3   during their incarceration, immediately upon their release from custody.  Mr. Del Conte was

4   released on bail on September 5, 2014, and immediately upon his release, tried obtaining his "exit"

5   medication supplies.  Upon calling the jail, he was told they did not have his paperwork and that he

6   should call back in a week.

7   27. Since Acquired Immunodeficiency Syndrome ("AIDS") was first diagnosed and identified

8   in 1981, more than 1.1 million people in the United States have been diagnosed with the disease.

9   AIDS is an immune disorder caused by HIV. An estimated 1.2 million Americans are currently HIV

10  positive.  Medications to treat HIV must be taken every day, with no lapse whatsoever, as any lapse

11  can cause these medications to become ineffective against the virus.

12  28. Since there are only a handful of medication options which can be prescribed for this

13  terminal disorder, not all of which are effective for each patient in combatting his or her specific

14  genotype strand of the HIV, it is vital to a patient's longevity that no lapse occur in the daily taking

15  of any currently prescribed HIV medication, as any such rendering ineffective of a specific

16  treatment would be tantamount to potentially lessening the lifespan of said HIV infected person.

17  29. By not providing Mr. Del Conte with his HIV medications upon his release,  even after

18  repeated requests via phone to both the pharmacy hired by the SCS to carry out their obligation of

19  continued medical care following release (to allow for inmates with terminal or serious conditions

20  such as HIV time to acquire a prescription), as well as to the nurses in charge of exit medication,

21  defendants denied Mr. Del Conte access to medical services thereby discriminating against Mr. Del

22  Conte based on his HIV positive status in a manner contrary to law.

23  30.  In addition, they also failed to provide the requisite 30-day supply of two psychiatric

24  medications which the jail had issued him and were giving him daily since April, both of which

25  have been documented to cause suicidal tendency and extreme depression in patients who suddenly

26  stop taking them without a weaning off period.  This further showed willful disregard for Mr. Del

27

28                                            - 8 -

1  Conte's safety and well-being as he suffered through extreme depression which elicited suicidal

2  thoughts which he thankfully did not act upon.

3      31. *Further willful disregard of Del Conte's physical safety and redress of threats by violent*

4  *inmates:* Defendants were aware that Del Conte might be attacked again, but during his stay at San

5  Quentin in the so-called "Reception," Del Conte found himself housed in a wing where his attacker

6  at Elmwood, inmate Spears, was also placed.  Reception is an imposition of unwarranted solitary

7  confinement on new arrivals to the prison, in which inmates are in their cells 23 hours a day, with

8  no ability to call home, to call their attorneys, or to have contact visits, to watch television or listen

9  to radio, or to shower except every 3rd day. At the time Del Conte was housed in Housing/Bed

10 Number 3-08 in Alpine, and Spears was housed in Alpine 5-49. Del Conte began to receive threats

11 from other inmates and threatening looks from inmate Spears.  Despite complaints made by Del

12 Conte about this situation, Defendants San Quentin State Prison and Ron Davis failed to take any

13 steps to ensure his safety, causing DEL CONTE great emotional distress.

14     32. There was a recent settlement in a lawsuit against solitary confinement in which the CDCR

15 agreed to "dramatically reduce" the use of solitary confinement or administrative segregation in its

16 prisons. The use of administrative segregation in the so-called "Reception" program in Corrections

17 and Rehabilitation is a continuing violation of that policy.  All inmates are entitled to humane

18 treatment, to the protections of the Constitution of the United States and of the State of California,

19 and to the protections inherent in Article 5 of the Universal Declaration of Human Rights, to which

20 the United States is a signatory: "No one shall be subjected to torture or to cruel, inhuman or

21 degrading treatment or punishment

23                          **COUNT I**

24 **(Violation of the Eighth Amendment to the US Constitution, and 42 U.S.C. § 1983 against**
**Defendants The State of California, Edmund Gerald "Jerry" Brown Jr. in his capacity as**
25 **Governor of the State of California; the California Department of Corrections and**
**Rehabilitation; the County of Santa Clara; the Santa Clara County Sheriff's Department;**
26 **Sheriff Laurie Smith; Elmwood Complex Chief of Correction John Hirokawa; Elmwood**
27 **Complex Commander and Captain Kevin P. Jensen and Custody Health Director Maryann**
**Barry for failure to protect and to safeguard )**
28                          - 9 -

33. Mr. Del Conte incorporates herein Paragraphs 1 through 32 of this Complaint.

34. Defendants knew of and disregarded an excessive risk to Del Conte's safety by placing Mr. Del Conte in a housing unit with violent offenders and gang drop-outs, with their knowledge of his being gay and having HIV. Defendants willfully disregarded plaintiff's safety in failing to protect a deliberate and outrageous invasion of Mr. Del Conte's bodily integrity that shocks the conscience in violation of his rights under the Eighth and Fourteenth Amendments to the United States Constitution, and 42 U.S.C. § 1983. Accordingly, Defendants were deliberately indifferent to the potential of an attack, as well as the attack which took place, by virtue of their placing him again in harm's way whilst en route to his HIV doctor's appointment on July 21, 2014, subsequent to his attack on June 24th, 2014.

35. In light of Defendants' willful, knowing and intentional violations of law against DEL CONTE and their reckless and callous indifference to his rights, Del Conte seeks an award of punitive and exemplary damages in an amount to be determined at trial.

36.     Pursuant to 42 U.S.C. § 1988, Plaintiffs are also entitled to reasonable costs and attorneys' fees.

## COUNT II
**(Violation of the Eighth Amendment to the US Constitution, and 42 U.S.C. § 1983 against Defendants The State of California, Edmund Gerald "Jerry" Brown Jr. in his capacity as Governor of the State of California; the California Department of Corrections and Rehabilitation; the County of Santa Clara; the Santa Clara County Sheriff's Department; Sheriff Laurie Smith; Elmwood Complex Chief of Correction John Hirokawa; Elmwood Complex Commander and Captain Kevin P. Jensen and Custody Health Director Maryann Barry for failure to provide medication)**

37. Mr. Del Conte incorporates herein Paragraphs 1 through 36 of this Complaint

38. Defendants, by depriving Mr. Del Conte of his HIV medication in September of 2014 for a period exceeding a week, acted with deliberative indifference to the welfare of Mr. Del Conte. Specifically, there was a substantial risk of harm to Mr. Del Conte's health by being deprived of his

- 10 -

1  life-saving HIV medication; and Defendants acted with deliberative indifference to that risk because

2  they knew of Mr. Del Conte's HIV status and his use of HIV medication – yet declined to provide

3  these medications to Mr. Del Conte upon his release as required by law.  This also applies to the

4  risk of self-inflicted personal harm Mr. Del Conte was subjected to as a result of the psychiatric

5  medications he was forced to withdraw from immediately after his release on bail from the

6  corrections facility.

7      34. "A prison that deprives prisoners of basic sustenance, including adequate medical care, is

8  incompatible with the concept of human dignity and has no place in civilized society." Brown v.

9  Plata, No. 09-1233 (S. Ct. May 23, 2011) slip op. at 13.

10     35. As a further and proximate result of Defendants' violations of the Eighth Amendment, Mr.

11 Del Conte has suffered harm in the form of denied medical treatment, physical pain, shame,

12 humiliation, degradation, irreparable bodily injury and emotional stress, entitling him to his actual

13 damages in an amount to be determined at trial.

14     36. In light of Defendants' willful, knowing and intentional violations of law against Mr. Del

15 Conte and their reckless and callous indifference to the rights of Mr. Del Conte, Mr. Del Conte

16 seeks an award of punitive and exemplary damages in an amount to be determined at trial.

17     37. Pursuant to 42 U.S.C. § 1988, Mr. Del Conte is also entitled to his reasonable costs and

18 attorneys' fees.

### COUNT III

19 **(Violation of Due Process under the Fourteenth Amendment of the US Constitution against**
20 **Defendants The State of California, Edmund Gerald "Jerry" Brown Jr. in his capacity as**
   **Governor of the State of California; the California Department of Corrections and**
21 **Rehabilitation; the County of Santa Clara; the Santa Clara County Sheriff's Department;**
   **Sheriff Laurie Smith; Elmwood Complex Chief of Correction John Hirokawa; Elmwood**
22 **Complex Commander and Captain Kevin P. Jensen, Custody Health Director Maryann**
23 **Barry, San Quentin State Prison, and Ron Davis, Warden of San Quentin State Prison)**

24     38. Mr. Del Conte incorporates herein Paragraphs 1 through 37 of this Complaint.

25     39. Defendants' actions toward Mr. Del Conte described herein denied him the guaranteed

26 rights and protections of Due Process as required by the Fourteenth Amendment of the United

27 States Constitution.

28                                          - 11 -

40. The Due Process Clause of the Fourteenth Amendment incorporates the Eighth Amendment's guarantee against cruel and unusual punishment. *Louisiana ex rel. Francis v. Resweber*, 329 U.S. 459, 463 (1947).

41. As a further and proximate result of Defendants' violations of the Fourteenth Amendment, Mr. Del Conte has suffered harm in the form of denied medical treatment, physical pain, shame, humiliation, degradation, irreparable bodily injury and emotional stress, entitling him to his actual damages in an amount to be determined at trial.

42. In light of Defendants' willful, knowing and intentional violations of law against Mr. Del Conte and their reckless and callous indifference to the rights of Mr. Del Conte, Mr. Del Conte seeks an award of punitive and exemplary damages in an amount to be determined at trial.

43. Pursuant to 42 U.S.C. § 1988, Mr. Del Conte is also entitled to his reasonable costs and attorneys' fees.

## COUNT IV

**(Violation of the Eighth Amendment to the US Constitution, and 42 U.S.C. § 1983 against Defendants The State of California, Edmund Gerald "Jerry" Brown Jr. in his capacity as Governor of the State of California; the California Department of Corrections and Rehabilitation; the County of Santa Clara; the Santa Clara County Sheriff's Department; Sheriff Laurie Smith; Elmwood Complex Chief of Correction John Hirokawa; Elmwood Complex Commander and Captain Kevin P. Jensen and Custody Health Director Maryann Barry and of the Americans with Disabilities Act 42 U.S.C. § 12101, *et seq.*)**

44. Mr. Del Conte incorporates herein Paragraphs 1 through 42 of this Complaint.

45. Defendants' actions herein described deprived Mr. Del Conte of the full services of the California penal system, violating the Americans with Disabilities Act ("ADA"), as codified at 42 U.S.C. § 12101, et seq.

46. Mr. Del Conte is a qualified individual with a disability, because of a physical impairment that substantially limits one or more major life functions. Mr. Del Conte suffers from HIV infection and a compromised immune system as a result of same, which greatly increases healing time and creates potential life threatening symptoms resultant from physical trauma and surgery.

- 12 -

1    47. The ADA prohibits public discrimination on the basis of disability in the full and equal

2    enjoyment of goods, services, facilities, privileges, advantages, and accommodations of any place of

3    public accommodation by any person who owns, leases or operates a place of public

4    accommodation.

5    48. At all times mentioned herein, Defendants' county jail is a "place of public

6    accommodation" within the meaning of the ADA.

7    ·49. Defendants' actions in failing to provide Mr. Del Conte with proper medical care (including

8    depriving Mr. Del Conte of his HIV medications) deprived him of standard rehabilitative services

9    contrary to the ADA, by subjecting him to the repeated fear of physical attack brought upon him by

10    keeping him housed with violent offenders, child molesters and gang dropouts, and placing him,

11    unsupervised, in a transport room with his attacker.

12    50. Defendants' actions in repeatedly making derogatory statements and allowing similar

13    discriminatory behavior, including: (1) housing plaintiff with homophobic and violent inmates (2)

14    disregarding homophobic threats made by said violent inmates (3) willfully disregarding Mr. Del

15    Conte's physical safety (4) denial of HIV medication, and (5) causing dangerous chemical

16    withdrawal from lack of psychiatric medications; deprived Mr. Del Conte of proper and equal

17    treatment while in the custody of Santa Clara, thereby depriving him of normal jail services

18    contrary to the ADA based on Mr. Del Conte's HIV positive status. The derogatory comments

19    make clear the intentions of Defendants in denying these services.

20    51. Through the conduct described above, Defendants have discriminated against Mr. Del

21    Conte solely on the basis of his disability, by denying Mr. Del Conte full and equal enjoyment of

22    the services, facilities and accommodations otherwise available to members of the general public.

23    52. Because Defendants' conduct in violating the ADA also violates the Fourteenth

24    Amendment, neither the State of California nor the County of Santa Clara possess sovereign

25    immunity in this suit. _United States v. Georgia_, 546 U.S. 151 (2006).

26    53. As a further and proximate result of Defendants' violations of the ADA, Mr. Del Conte has

27    suffered harm in the form of denied medical treatment, physical pain, shame, humiliation,

28    - 13 -

1   degradation, irreparable bodily injury and emotional stress, entitling him to his actual damages in an

2   amount to be determined at trial.

3       54.  Pursuant to 42 U.S.C. § 12205, Mr. Del Conte is also entitled to his reasonable costs and

4   attorneys' fees.

5   **COUNT V**

6   **(Violation of the Rehabilitation Act of 1973, 29 U.S.C. § 794 against Defendants The State of
California, Edmund Gerald "Jerry" Brown Jr. in his capacity as Governor of the State of**

7   **California; the California Department of Corrections and Rehabilitation; the County of Santa
Clara; the Santa Clara County Sheriff's Department; Sheriff Laurie Smith; Elmwood**

8   **Complex Chief of Correction John Hirokawa; Elmwood Complex Commander and Captain
Kevin P. Jensen and Custody Health Director Maryann Barry)**

9

10       55. Mr. Del Conte incorporates herein Paragraphs 1 through 53 of this Complaint.

11       56. Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794 (hereinafter "section 504"),

12   provides in part that no otherwise qualified handicapped person "shall solely by reason of his or her

13   handicap, be excluded from the participation under any program or activity receiving Federal

14   financial assistance…" Mr. Del Conte is and was regarded by Defendants to be a handicapped

15   person for purposes of section 504. Mr. Del Conte is and was otherwise qualified to receive medical

16   services and treatments while under the supervision of Defendants.

17       57. Defendants receive federal financial assistance within the meaning of section 504 and are

18   thus prohibited from excluding, denying benefits to, or discriminating against handicapped persons,

19   including but not limited to persons who are infected with HIV or who have AIDS, solely on the

20   basis of such persons' handicap, in connection with Defendants' provision of medical services.

21       58.  Defendants, and each of them, violated Mr. Del Conte's rights under section 504 by failing

22   and refusing to provide necessary medical treatment and access to Defendants' facilities, services

23   and accommodations, based solely on Mr. Del Conte's handicapped status, specifically, his HIV

24   positive status.

25       59. Defendants' actions in continually disregarding his safety through their classification and

26   housing with violent offenders who were likely to have homophobic beliefs, and their failure to

27   protect Mr. Del Conte once homophobic threats of violence were yelled during a supervised

28   - 14 -

1    program, but then again in placing him in the same room with his attacker following invasive

2    surgery, was done solely to impose additional burdens on Mr. Del Conte, to embarrass and

3    humiliate him in front of correctional officers and other inmates and threaten his safety.

4         60.  Defendants' actions in failing to provide Mr. Del Conte with proper medical care

5    (including depriving Mr. Del Conte of his HIV medications) deprived him of Defendants' services

6    based solely on his HIV positive status.  This was the case even though Mr. Del Conte specifically

7    told Defendants that they had failed to provide him with his HIV medications.  Defendants declined

8    to provide Mr. Del Conte with his HIV medications for more than a week with full knowledge of

9    the potential harm being without said medications would pose for his longevity and his battle with

10    his disability.

11        61.  Defendants' actions in repeatedly making derogatory statements and allowing similar

12    discriminatory behavior, including: (1) housing plaintiff with homophobic and violent inmates, (2)

13    disregarding homophobic threats made by said violent inmates, (3) willfully disregarding Mr. Del

14    Conte's physical safety, (4) denial of HIV medication, and (5) causing dangerous chemical

15    withdrawal from lack of psychiatric medications; deprived Mr. Del Conte of proper and equal

16    treatment while in the custody of Santa Clara, thereby depriving him of normal jail services

17    contrary to the ADA based on Mr. Del Conte's HIV positive status.

18        62. In order to prevent Defendants from continuing to violate section 504, Defendants should

19    be enjoined and prohibited from the unlawful and invidiously discriminatory practice of failing or

20    refusing to provide necessary medical treatment, services, and/or access to Defendants' facilities to

21    persons who have, or who are perceived to have AIDS or who are or are perceived to be HIV

22    infected, based solely on those facts or perceptions.  Defendants should be further ordered to take

23    all steps necessary to ensure the full enjoyment of rights guaranteed by section 504. Mr. Del Conte

24    is entitled to such relief pursuant to 29 U.S.C § 794a.

25        63. As a further and proximate result of Defendants' unlawfully discriminatory failure to

26    provide Mr. Del Conte necessary medical treatment and access to Defendants' facilities, services

27    and accommodations, based solely on Mr. Del Conte's handicap, Mr. Del Conte has suffered harm

28

- 15 -

1  in the form of denied medical treatment, physical pain, shame, humiliation, degradation, irreparable

2  bodily injury and emotional stress, entitling him to his actual damages in an amount to be

3  determined at trial.

4      64. Pursuant to 29 U.S.C. § 794a(b), Mr. Del Conte is also entitled to his reasonable costs and

5  attorneys' fees.

6  **COUNT VI**

7  **(Intentional Infliction of Emotional Distress against Defendants The State of California,
Edmund Gerald "Jerry" Brown Jr. in his capacity as Governor of the State of California; the
California Department of Corrections and Rehabilitation; the County of Santa Clara; the
Santa Clara County Sheriff's Department; Sheriff Laurie Smith; Elmwood Complex Chief of
Correction John Hirokawa; Elmwood Complex Commander and Captain Kevin P. Jensen,
Custody Health Director Maryann Barry, San Quentin State Prison, and Ron Davis, Warden
of San Quentin State Prison)**

8

9

10

11

12      65. Mr. Del Conte incorporates herein Paragraphs 1 through 64 of this Complaint.

13      66. Defendants' extreme and outrageous conduct, as described above, was done with intent to

14  cause, or with reckless disregard of the probability of causing, Mr. Del Conte to suffer severe

15  emotional distress in the form of mental anguish and suffering, humiliation, shame, shock,

16  degradation, extreme and enduring physical pain, and irreparable bodily injury.

17      67. Defendants' conduct was made more extreme and outrageous because Mr. Del Conte was

18  being treated for HIV, as well as ADD and Bipolar disorders while incarcerated in Elmwood

19  Correctional Complex and Defendants knew, or should have known, that as an inmate in Elmwood

20  Correctional Complex, Mr. Del Conte may have been receiving treatment as a patient. As a result of

21  this special relationship and Mr. Del Conte's need for medical services, defendants knew, or should

22  have known, of Mr. Del Conte's particular susceptibility to emotional distress, and that such injury

23  was substantially certain to occur as a result of Defendants' conduct.

24      68. As a result of Mr. Del Conte's HIV status and his need for medical services, defendants

25  knew, or should have known, of Mr. Del Conte's particular susceptibility to emotional distress, and

26  that such injury was substantially certain to occur as a result of Defendants' locking him in their

27

28  - 16 -

inhumane "Reception" Program for 5 ½ months, including their failure to ensure that he was away from his attacker at the Elmwood Complex.

69. Defendants breached their duty to exercise due care by maintaining him in Reception for a long period of time and by failing to keep track of his mental and physical health.

70. Defendants' actions in housing Del Conte in the same cell block as his attacker, and their failure to protect Del Conte's from homophobic threats of violence, also breached their duty to exercise due care.

71. As a proximate result of Defendants' extreme and outrageous conduct, Mr. Del Conte has suffered humiliation, mental anguish, emotional and physical distress, and has been injured in mind and body in degrees and amounts to be determined at trial.

72. The aforementioned acts of Defendants and other Doe Defendants were willful, reckless, malicious, oppressive, and done with a callous disregard for the consequences substantially certain to occur and justify an award of exemplary and punitive damages against Defendants.

## COUNT VII
·(Negligent Infliction of Emotional Distress against Defendants The State of California, Edmund Gerald "Jerry" Brown Jr. in his capacity as Governor of the State of California; the California Department of Corrections and Rehabilitation; the County of Santa Clara; the Santa Clara County Sheriff's Department; Sheriff Laurie Smith; Elmwood Complex Chief of Correction John Hirokawa; Elmwood Complex Commander and Captain Kevin P. Jensen, Custody Health Director Maryann Barry, San Quentin State Prison, and Ron Davis, Warden of San Quentin State PrisonLaurie Smith, John Hirokawa, Kevin P. Jensen and MaryAnn Barry)

73. Mr. Del Conte incorporates herein Paragraphs 1 through 72 of this Complaint.

74. At all times herein relevant, Defendants were bound by their common-law and statutory duties to keep Mr. Del Conte safe from harm, either from other inmates, or from their own behavior. As a result of Defendants' failure to fulfill these duties, Mr. Del Conte has suffered substantial and enduring emotional injury, and irreparable physical trauma and bodily injury.

75. Defendants knew, or should have known, that their failure to provide necessary medical treatment, services, or full and equal access to the Elmwood Correctional Complex facilities to Mr.

Del Conte because of his HIV status would reasonably cause Mr. Del Conte serious emotional and physical distress.

76.  Defendants knew, or should have known, that their failure to provide necessary services, or to keep Mr. Del Conte safe from harm because of his prior injury and his HIV status would reasonably cause Mr. Del Conte serious emotional and physical distress

77. Defendants breached their duty to exercise due care by refusing to provide services or to treat Mr. Del Conte appropriately or to protect him from harm on the basis of his HIV status.

78. As a proximate result of Defendants' acts or omissions as described above, Mr. Del Conte has suffered serious emotional distress in the form of shame, humiliation, degradation, and physical injuries in an amount to be determined at trial.

<u>COUNT VIII</u>
**(Intentional violation of 42 U.S.C. § 1985 and of the Eighth Amendment to the US Constitution against all Defendants)**

79. Plaintiffs incorporate herein Paragraphs 1 through 78 of this Complaint.

80.  The behavior of the Defendants constitutes a conspiracy to deprive Del Conte of his civil rights under 42 USC § 1985.

81.  The behavior of the Defendants also constitutes an egregious violation of the Eighth Amendment to the US Constitution against all Defendants, which prohibits cruel and unusual punishment.

82.  As a proximate result of Defendants' extreme and outrageous conduct, Del Conte suffered humiliation, mental anguish, emotional and physical distress, and have been injured in mind and body in degrees and amounts to be determined at trial.

83.      The aforementioned acts of Defendants and other Doe Defendants were willful, reckless, malicious, oppressive, and done with a callous disregard for the consequences substantially certain to occur and justify an award of exemplary and punitive damages against Defendants.

**PRAYER FOR RELIEF**

**WHEREFORE**, Mr. Del Conte prays for judgment against Defendants on all alleged claims, as follows:

    1.     Declaratory and injunctive relief ordering Defendants, and each of them to:

        a.     Refrain from discriminating in any manner, by failing or refusing to extend to any individual who has, or is regarded as having, AIDS or who is or is regarded as being infected with HIV, the full and equal enjoyment of and access to Defendants' treatment, services, and/or facilities of any kind whatsoever, on the basis (either in whole or in part) of the fact or perception that such individual has AIDS or an AIDS-related condition, or is infected with HIV;

        b.     Refrain from continuing to engage in their unconstitutional and illegal behavior in housing gay inmates with homophobic and violent former gang members, from allowing their supervising sheriff's deputies guarding inmates from entertaining themselves on their media devices during their shifts, from willfully disregarding threats against gay inmates, and from engaging in derogatory statement in reference to "gestures" perceived by gay inmates;

        c.     Provide adequate health care services and medications to persons with terminal illnesses;

    2.     For an award of compensatory damages to Mr. Del Conte equal to the injury suffered to Defendants' unconstitutional and discriminatory practices, including damages for physical injury and pain and suffering, in an amount to be determined at trial.

    3.     For an award of exemplary and punitive damages against Defendants in an amount sufficient to punish and set an example of them in their reprehensible conduct against Mr. Del Conte.

    4.     For an order awarding Mr. Del Conte costs of suit, including litigation expenses, out-of-pocket expenses, and reasonable attorneys' fees, in accordance with all applicable provisions of law, including but not limited to the provisions of 42 U.S.C. § 1988, 42 U.S.C. § 12,205, and 29 U.S.C. § 794a(b) in an amount which this Court deems just, equitable and proper;

- 19 -

5.      For the immediate release of Del Conte to the custody of his mother, Silvia Brandon Perez, and for an immediate award of a commutation of the remaining sentence, giving extraordinary value to the torture and mistreatment suffered by Del Conte at both county and state institutions;

6.      In the alternative, for permission to be under house arrest at the family home in Hayward pending the result of Del Conte's appeal.

7.      As a matter of procedure in this case, Plaintiff requests that all pleadings or correspondence in this matter be served upon him both in his address at the California Institute for Men and at his permanent address in Hayward, in care of his mother, which address is 2997 Hardeman Street, Hayward, California 94541, inasmuch as she is doing any necessary typing or filing of these documents in his behalf.

8.      For such other and further relief as the Court deems just, equitable and proper.

Respectfully,

Carlo Antonio Del Conte, AV4107
California Institute for Men
Inmate's Housing
P.O. Box 368
Chino, California 91708
Plaintiff appearing in propria persona

COMPLAINT FOR VIOLATION OF CIVIL AND DISABILITY RIGHTS;
42 U.S.C. SECTION 1983, 42 U.S.C. § 12101, *et seq,* 29 U.S.C. § 794; - Case No. C14-5334 WHO