UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

CARLO ANTONIO DEL CONTE,
    Plaintiff,
    v.
COUNTY OF SANTA CLARA, et al.,
    Defendants.

Case No. 14-cv-05334-WHO (PR)

**ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND**

Dkt. No. 38

## INTRODUCTION

Plaintiff Carlo Del Conte filed this federal civil rights action under 42 U.S.C. § 1983 and other statutes regarding his treatment at the Santa Clara County Jail. He describes being attacked by a misclassified, homophobic inmate within earshot of an inattentive guard who did nothing to protect him. He suffered multiple injuries and fractures to his face, was placed with his attacker on at least two other occasions thereafter, causing great emotional distress, and was not given necessary HIV medication in a timely fashion. Those facts could certainly form the basis of plausible causes of action. However, as I explain below, the defendants he names are all high-ranking supervisors and officials that Del Conte does not link to the injuries he suffered. As a result, after considering defendants' motion to dismiss and the standards of review under 28 U.S.C. § 1915A(a), the Court DISMISSES the complaint with leave to file an amended complaint on or before September 7, 2016.

## DISCUSSION

**A.    Standard of Review**

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim

upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See id.* § 1915A(b)(1), (2). Pro se pleadings must be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

A "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 556). Furthermore, a court "is not required to accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged." *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754–55 (9th Cir. 1994). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

**B.     Legal Claims**

Plaintiff raises several claims arising from his detention at the Santa Clara County Sheriff's Department in 2014. He alleges that an unnamed sheriff's deputy failed to protect him from a physical attack by another inmate; he suffered distress when transported to the hospital in the presence of the other inmate after the attack; an unnamed deputy made offensive comments; he was falsely accused of not taking his medication and was rehoused based on these false charges; he was deprived of due process; and he was not given an appropriate amount of medication when he was released. He seeks relief under 42 U.S.C. §§ 1983, 1985; the Americans With Disabilities Act ("ADA"); and Section 504 of the Rehabilitation Act, 29 U.S.C. § 794. The defendants he names are public entities and persons in supervisory positions.

**1.     Claims Against the State of California**

Del Conte names the State of California as a defendant. However, the Eleventh

Amendment of the Constitution "bars suits which seek either damages or injunctive relief against a state, an 'arm of the state,' its instrumentalities, or its agencies." *Franceschi v. Schwartz*, 57 F.3d 828, 831 (9th Cir. 1995) (citation omitted). Therefore, California is DISMISSED as a defendant with prejudice. Del Conte may not raise claims against the State of California in his amended complaint.

### 2. Individual Supervisory Defendants

Del Conte names many persons as defendants based on, apparently, a theory of supervisory liability.[1] Naming them is all he has done--Del Conte has not alleged specific facts showing liability on the part of any defendant.[2] Unless he pleads sufficient facts against these defendants in his amended complaint, these persons will be dismissed. For now, all claims against all persons named in this action are DISMISSED with leave to amend.

It is difficult to plead claims against high-ranking supervisors unless there are facts showing that they had a personal involvement in any of the allegedly unconstitutional acts. There is no respondeat superior liability under § 1983, *see Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989), which means that a person is not automatically held responsible simply because he or she is a supervisor of an employee who commits a wrong. It is not enough that the supervisor merely has a supervisory relationship over the defendants; <u>the plaintiff must show that the supervisor "participated in or directed the violations, or knew of the violations and failed to act to prevent them."</u> *Id.* (emphasis added). Furthermore, supervisor defendants are entitled to qualified immunity where the allegations against them are simply "bald" or "conclusory" because such allegations do not "plausibly" establish the supervisors' personal involvement in their subordinates' constitutional wrong. *Iqbal*, 556

---

[1] Edmund Brown, Governor of California; Laurie Smith, Sheriff of Alameda County; John Hirokawa, Chief of Corrections; Kevin Jensen, Commander of the Elmwood Facility; and MaryAnn Barry, Custody Health Director.

[2] His claims against the California Department of Corrections and Rehabilitation are also DISMISSED with leave to amend. Del Conte must allege specific facts linking the CDCR itself to the alleged constitutional violations.

3

1  U.S. at 675-82. There is nothing in the complaint that indicates personal knowledge or
2  involvement.
3       Del Conte may wish to focus his allegations on the persons he had direct contact
4  with, such as prison guards or medical staff. He is encouraged to consider the following
5  when amending his complaint: "A person deprives another 'of a constitutional right,
6  within the meaning of section 1983, if he does an affirmative act, participates in another's
7  affirmative acts, or omits to perform an act which he is legally required to do that causes
8  the deprivation of which [the plaintiff complains]." *Leer v. Murphy*, 844 F.2d 628, 633
9  (9th Cir. 1988) (quoting *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978)). The inquiry
10 into causation is individualized and focuses on the duties and responsibilities of each
11 individual defendant whose acts or omissions are alleged to have caused a constitutional
12 deprivation. *Id.*

### 3. Claims Against Santa Clara County

Del Conte claims Santa Clara has a policy of mistreating homosexual inmates or ignoring their needs. These claims against the County of Santa Clara are DISMISSED with leave to amend. Local governments, such as the county, are "persons" subject to liability under 42 U.S.C. § 1983 where official policy or custom causes a constitutional tort, *see Monell v. Dep't of Social Servs.*, 436 U.S. 658, 690 (1978); however, a municipality may not be held vicariously liable for the unconstitutional acts of its employees under the theory of respondeat superior, *see Board of County Comm'rs v. Brown*, 520 U.S. 397, 403 (1997); *Monell*, 436 U.S. at 691. To impose municipal liability under § 1983 for a violation of constitutional rights, a plaintiff must show: (1) that the plaintiff possessed a constitutional right of which he or she was deprived; (2) that the municipality had a policy; (3) that the policy amounted to deliberate indifference to the plaintiff's constitutional rights; and (4) that the policy was the moving force behind the constitutional violation. *See Plumeau v. School Dist. #40 County of Yamhill*, 130 F.3d 432, 438 (9th Cir. 1997). "Official municipal policy includes the decisions of a government's lawmakers, the acts of its policymaking officials, and practices so persistent

4

and widespread as to practically have the force of law." *Connick v. Thompson*, 563 U.S. 51, 60 (2011).

Del Conte's allegations fail to show that there was a written or unwritten policy that tolerated, urged, encouraged, supported or ratified the alleged failures of employees of the county. In addition to his allegations, he should plead facts referencing why he believes his treatment occurred as a result of a discriminatory policy against gay inmates. Mere supposition and speculation that there are such policies are insufficient.

### 4. ADA and Rehabilitation Act Claims

Del Conte alleges he has HIV and is therefore disabled within the meaning of the ADA and the Rehabilitation Act. He claims defendants violated his rights under both statutes on the basis of his disability when they were a week late in providing him a 30-day supply of HIV and "psychiatric" medications after he was released. (First Am. Compl. ("FAC") at 7-8.) He alleges that when he asked about his medications, unnamed persons said that they did not have his paperwork and that he should call back in a week. (*Id.* at 8.) Other than this one-week delay, it appears his jailors supplied him with such medications in a timely fashion.

Title II of the ADA provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132. To state a claim under Title II of the ADA, a plaintiff must allege four elements: (1) he is an individual with a disability; (2) he is otherwise qualified to participate in or receive the benefit of some public entity's services, programs, or activities; (3) he was either excluded from participation in or denied the benefits of the public entity's services, programs or activities, or was otherwise discriminated against by the public entity; and (4) such exclusion, denial of benefits, or discrimination was by reason of his disability. *Thompson v. Davis*, 295 F.3d 890, 895 (9th Cir. 2002).

Essentially the same showing is required to state a cause of action under Section 504 of the Rehabilitation Act, 29 U.S.C. § 794. *See Olmstead v. Zimring*, 527 U.S. 581,

5

589-91 (1999); *Duvall v. County of Kitsap*, 260 F.3d 1124, 1135 (9th Cir. 2001).

Del Conte has not stated a claim under either statute. Alleging without elaboration that he was denied medication, or otherwise suffered unconstitutional treatment, because of his disability, is a "formulaic recitation of the elements of a cause of action" that is insufficient to plead a claim. *Twombly*, 550 U.S. at 555 (internal citations omitted). The ADA and the Rehabilitation Act require a showing of causation, a link between the fact of his disability and the act of excluding him from the program. No claim is pleaded by alleging simply that because he was denied medication, it must have been because of his disability. "Factual allegations must be enough to raise a right to relief above the speculative level." *Id.* at 556 (citations omitted). At this point, Del Conte's allegations show at best speculation, not causation. Another plausible reading is that the delay arose from negligence (loss of paperwork), rather than a desire to discriminate. In short, Del Conte must allege facts against the actual persons who allegedly deprived him of medication <u>because</u> of his disability, not their supervisors.

Del Conte should note that money damages are not available for a violation of Title II of the ADA or the Rehabilitation Act absent a showing of discriminatory intent by the defendant. *See Ferguson v. City of Phoenix*, 157 F.3d 668, 674 (9th Cir. 1998). If he cannot show discriminatory intent, Del Conte will be entitled only to injunctive relief for a violation of Title II. In addition, ADA claims may only be brought against a state actor in his official, not his individual, capacity. *Miranda B. v. Kitzhaber*, 328 F.3d 1181, 1187-88 (9th Cir. 2003).[3]

**5. State Law Claims**

Del Conte alleges that defendants are liable under state law for intentional and

---

[3] These allegations may be cognizable under section 1983 as a claim that his jailors were deliberately indifferent to his serious medical needs in violation of the Eighth Amendment. In order for a section 1983 claim to survive the next stage of review on this theory, Del Conte must reallege these facts in his amended complaint and ascribe liability to specific defendants. If he wishes to raise claims under the disability discrimination statutes, he must comply with the pleading requirements set forth above.

1  negligent infliction of emotional distress.  (FAC at 16-18.)  However, California law bars
2  such common law tort claims against public entities.  *See McAllister v. Los Angeles*
3  *Unified School District*, 216 Cal. App. 4th 1198, 1218 (Cal. Ct. App. 2013).  Accordingly,
4  his state tort claims against the public entities he names (the State of California, the
5  California Department of Corrections and Rehabilitation, San Quentin State Prison, and
6  Santa Clara County) are DISMISSED WITH PREJUDICE.  If he wishes to raise such
7  claims against individuals as opposed to public entities, he must show how each person is
8  individually liable under state law.

### 6.  Claims under 42 U.S.C. § 1985

Plaintiff alleges without elaboration that defendants conspired to deprive him of his constitutional rights.  He seeks relief under 42 U.S.C. § 1985(3).[4]  (FAC at 18.)

"The elements of a § 1985(3) claim are:  (1) the existence of a conspiracy to deprive the plaintiff of the equal protection of the laws; (2) an act in furtherance of the conspiracy and (3) a resulting injury." *Addisu v. Fred Meyer, Inc.*, 198 F.3d 1130, 1141 (9th Cir. 2000) (citation omitted).  "A mere allegation of conspiracy without factual specificity is insufficient." *Karim-Panahi v. Los Angeles Police Dept.*, 839 F.2d 621, 626 (9th Cir. 1988); *see Steshenko v. Albee*, 442 F. Supp. 3d 1281, 1294 (N.D. Cal. 2014) (conspiracy allegations under section 1985(3) found insufficient because plaintiff failed to allege a specific agreement between defendants; the scope of the conspiracy; each defendant's role in the conspiracy; when and how the conspiracy operated; and what action was taken in furtherance of that conspiracy).

Del Conte's allegations are insufficient as a matter of law.  He fails to allege a specific agreement to deprive him of his rights, the scope of the conspiracy, or what each defendant's role was, among other things.  Accordingly, his claims under section 1985 are

---

[4] He does not specify that his claim is brought under subpart (3), but the Court assumes he meant to.  The other two subparts are inapplicable.  Section 1985(1) provides a cause of action for preventing or impeding an officer of the United States from performing his or her duties.  *See Kush v. Rutledge*, 460 U.S. 719, 724 (1983).  Section 1985(2) provides a cause of action for conspiracy to obstruct justice in the federal courts or to intimidate a party, witness or juror in connection therewith.  *Id.* at 724-27.

DISMISSED with leave to amend.

### 7. Due Process Claim

Del Conte's due process claim (FAC at 11-12) is DISMISSED on the additional ground that it fails to state a claim. In his amended complaint, Del Conte not only must attach liability to a specific person, he must allege with specificity what he was deprived of, by whom, and so forth.

### 8. Claims Regarding Verbal Harassment

Plaintiff's claims that the verbal harassment by guards or other state actors violated his constitutional rights are DISMISSED WITH PREJUDICE. Neither disrespectful, insulting, and vulgar language, nor verbal harassment, are actionable under section 1983. *See Freeman v. Arpaio*, 125 F.3d 732, 738 (9th Cir. 1997).

### 9. Claims Against San Quentin

Del Conte's claims against San Quentin and its warden, Ron Davis, are DISMISSED without prejudice because they are not factually related to Del Conte's claims arising from his detention in Santa Clara County. They may be raised in a separate civil rights action. Davis and San Quentin are DISMISSED as defendants in this action.

## CONCLUSION

**Accordingly, the complaint is DISMISSED with leave to file an amended complaint on or before September 7, 2016.** The new complaint must include the caption and civil case number used in this order (14-5334 WHO (PR)) and the words SECOND AMENDED COMPLAINT on the first page. Because an amended complaint completely replaces the previous complaints, Del Conte must include in his second amended complaint all the claims he wishes to present and all of the defendants he wishes to sue. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). He may not incorporate material from the prior complaint by reference. Failure to file an amended complaint in accordance with this order will result in dismissal of this action without further notice.

It is Del Conte's responsibility to prosecute this case. He must keep the Court informed of any change of address by filing a separate paper with the clerk headed "Notice

of Change of Address." He must comply with the Court's orders in a timely fashion or ask for an extension of time to do so. Failure to comply may result in the dismissal of this action pursuant to Federal Rule of Civil Procedure 41(b).

Defendants' motion (Dkt. No. 38) is GRANTED. The Clerk shall terminate Dkt. No. 38.

**IT IS SO ORDERED.**

**Dated:** July 20, 2016



WILLIAM H. ORRICK
United States District Judge